IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HENRY SIMMONS, JR.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MOBILE COUNTY BOARD OF SCHOOL COMMISSIONERS,<br><br>　　　　Defendant. | Case No. 1:22-cv-386 |

# COMPLAINT
## INTRODUCTORY AND JURISDICTIONAL STATEMENT

Plaintiff, Henry Simmons, files this complaint seeking principally declaratory and injunctive relief, back pay, compensatory damages, and other relief to redress Defendant's retaliatory denial of employment opportunity due to his protected activity in challenging race discrimination against a previous employer. This action is brought pursuant to 42 U.S.C. Sections 1981, as amended, and the Equal Protection Clause of the 14th Amendment to the United States Constitution, as both made actionable by 42 U.S.C. Section 1983.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331 and 1343, and 42 U.S.C. Section 2000e.

II.

**PARTIES**

1. The Plaintiff, Henry Simmons, is an African-American male residing in Washington County, Alabama. Mr. Simmons has nearly 20 years of teaching experience, having worked in school systems across lower Alabama.

2. The Defendant, Mobile County Board of School Commissioners (the "Board"), is the 5-member body that operates and governs the Mobile County Public School System. Furthermore, the Board is a governmental entity and is therefore a "state actor" as that term is commonly used with reference to coverage under the 42 U.S.C. Section 1983 and the Equal Protection Clause of the 14th Amendment. All actions of the Board and its administrative staff made in connection with this case were made under color of state law.

III.

**FACTUAL ALLEGATIONS**

3. In January 2022, Mr. Simmons applied for a physical education teacher vacancy at Defendant's Scarborough Middle School.

4. Mr. Simmons presented impeccable qualifications for the position, with an undergraduate degree in physical education from Alabama State University, a master's degree in educational leadership from the University of South Alabama, and approximately 20 years of actual experience as a varsity boys basketball coach

and physical education teacher at schools in nearby Clarke and Washington Counties.

5. Indeed, Scarborough Middle School officials found Mr. Simmons to be an ideal candidate for the PE teacher's position and hired him for the job shortly after reviewing his candidacy.

6. However, when Plaintiff visited the Defendant's human resources department to complete all hiring paperwork the Defendant refused to approve the middle school's request to hire Mr. Simmons.

7. During his hiring interaction with Defendant's human resources staff, Plaintiff advised the Defendant that he did not want to enroll in the state retirement program.

8. Plaintiff had made that decision because he was already enrolled through his Washington County teaching position, from which he was on administrative leave as part of a settlement of his Title VII lawsuit against the Washington County School System.

9. Plaintiff did not want to reveal the details of his absence from the Washington County system due to a confidentiality clause in his settlement agreement with Washington County, but Defendant's HR staff insisted on knowing why he was already enrolled in the retirement system.

10. After being pressed for more information, Plaintiff ultimately stated that his administrative leave was part of his settlement of a discrimination lawsuit he had filed against the Washington County Board of Education.

11. Upon hearing this revelation Defendant's agents and employees told Plaintiff that he could not work for Defendant.

12. In doing so, Defendant broke from its standard practice of deferring to local school officials in the hiring of qualified teaching personnel.

13. Instead, Defendant chose to override the middle school's hiring decision and rejected Mr. Simmons for the PE teaching position after learning that Mr. Simmons had initiated a race discrimination lawsuit against his previous employer, the Washington County Board of Education

14. Based on the foregoing, Mr. Simmons contends that he was unlawfully denied employment as a Middle School PE teacher by the Defendant in retaliation for his statutorily protected expression against racist employment actions by another employer.

15. Plaintiff has filed a charge of discrimination against the Defendant School Board with the Equal Employment Opportunity Commission within 180 days of the discriminatory non-selection on January 26, 2022 and is awaiting receipt of his Notice of Rights, at which time he expects to file an amended complaint adding his claims under Title VII.

## V.

## CAUSES OF ACTION

### Count I.  EQUAL PROTECTION VIOLATION

16. Based upon the factual allegations as set out about, the Defendant School Board violated the Equal Protection Clause of the Fourteenth Amendment by retaliating against Mr. Simmons due to his previous protected activity against race discrimination in employment.

### Count II - 42 U.S.C. SECTIONS 1981 & 1983

17. The intentional adverse employment action taken by the Defendant against Mr. Simmons in retaliation for his protected activity against a previous instance of racial discrimination in employment violated the anti-discrimination provisions of 42 USC Section 1981, as amended, and made actionable against the Defendant by 42 U.S.C. Section 1983.

## VI.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Simmons demands judgment against the Defendant as follows:

(a) A declaratory judgment that the Defendant has discriminated against Plaintiff on the basis of his race while acting under color of law, in violation of the

Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

(b) A declaratory judgment that the Defendant has violated the anti-discrimination/retaliation provisions of 42 U.S.C. Section 1981, made actionable by 42 U.S.C. Section 1983;

(c) Order the hiring of Plaintiff to a comparable position with full back pay and benefits;

(d) Award Plaintiff the sum of $300,000.00 as compensatory damages;

(e) Award Plaintiff his costs and expenses incurred in bringing this action, including reasonable attorney's fees, and such other relief as the court may deem just and proper.

**TRIAL BY JURY REQUESTED**.

s/Ronnie L. Williams (WILLR6024)
Williams & Associates, LLC
Attorneys for Plaintiff Henry Simmons
814 St. Francis Street
Mobile, Alabama 36602
Tel: (251) 432-6985
ron@williams-llc.com