IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **HENRY SIMMONS, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL ACTION NO. 22-00386-KD-N** |
| ) | |
| **MOBILE COUNTY BOARD OF SCHOOL** ) | |
| **COMMISSIONERS,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

This action is before the Court on Plaintiff Henry Simmons, Jr.'s Motion for Leave to File an Amended Complaint Adding Claims Under Title VII (doc. 18), Defendant Mobile County Board of School Commissioners' response (doc. 21) and Simmons' reply (doc. 23).

I. Background

Simmons sued his former employer, Washington County Board of Education, for race discrimination. He settled that litigation and was on administrative leave[1] when, in January 2022, he applied for a physical education teaching position at a middle school in the Mobile County School system. He states that the middle school officials selected him for the position. However, during the application process with the Board, he disclosed his protected activity to the Board's, and on January 26, 2022, his offer of employment was withdrawn. Simmons filed a charge of discrimination against the Board with the Equal Opportunity Employment Commission.

On March 28, 2022, the EEOC emailed the Charge of Discrimination to the Board. To

---

[1] Administrative leave was part of the settlement and continued through the end of the 2021-2022 school year.

respond to the Charge, Bryan Hack, Executive Manager of Human Resources, emailed personnel employees for all information on Simmons (doc. 18-2). Hack asked for a summary of the circumstances that led to the January 2022 withdrawal of the offer of employment.

Nina Hayes, the Board's Personnel Administrator in the Human Resources Division, responded that Simmons was on administrative leave from another system and that after speaking with Hack about the matter, the offer was withdrawn (doc. 18-3). Human Resources employee Tina Pettway responded that Simmons told her he was on paid administrative leave from another school system, that that system was taking out insurance and retirement, and therefore insurance and retirement should not be taken from his pay with the Mobile County school system. Pettway[2] told Hayes and then Hayes asked Pettway to bring Simmons to Hayes' office. Hayes told Simmons that he could not be paid by two systems at the same time. Simmons responded that the paid administrative leave was part of his settlement and his lawyer said he could apply with other systems. Hayes told Simmons he could possibly apply for the 2022-2023 school term (which would be after his paid administrative leave would end May 31, 2022). Pettway cancelled Simmons' request to hire (i.e., application), and submitted the removal of Simmons' name from the Board's agenda (doc. 18-4). On March 30, 2022, Hayes sent an email to Human Resources employees to request that Simmons "be placed in 'Do Not Hire', 'Do Not Substitute' module for good and just causes" (doc. 18-5).

Simmons filed the instant complaint against the Board on September 28, 2022 (doc. 1). In Count I, he alleged a violation of the Equal Protection Clause of the Fourteenth Amendment on

---

[2] Pettway confirmed with another employee, Gretchen Land, that Simmons was on paid administrative leave and that insurance and retirement were deducted from his pay.

grounds that the Board retaliated against him for "his previous protected activity against race discrimination in employment", i.e., his prior lawsuit, by not hiring him for the PE teaching position (Id., p. 5). Simmons alleged that the Board broke with its usual practice of deferring to the hiring decisions of the school officials within the system (the middle school officials had agreed to hire Simmons). In Count II, he alleged that this same retaliation by the Board "violated the anti-discrimination provisions of 42 USC Section 1981, as amended" made actionable through 42 U.S.C. § 1983.

At the time of filing the complaint, Simmons had not received his Notice of Rights from the EEOC for the March 28, 2022, charge of discrimination. However, in the complaint, he stated that he anticipated filing an amended complaint to add claims under Title VII when he did receive the Notice of Rights letter. Also at this time, Simmons did not raise any claim based on the March 2022 emails among Hack, Hayes, Pettway, and his placement on a do-not-hire or do-not-substitute module.

On January 12, 2023, the Court entered a Rule 16(b) Scheduling Order. The Order set the following deadlines: March 31, 2023, deadline for motions for leave to amend the pleadings; August 31, 2023, discovery deadline; September 28, 2023, dispositive motions; March 7, 2024, final pretrial conference; and April 2, 2024, jury selection with trial during the month of April 2024 (doc. 12).

On January 31, 2023, as part of initial disclosures, the Board disclosed the Hayes' email which placed Simmons on the Do Not Hire and Do Not Substitute module. Then on April 24, 2023, Hayes was deposed (doc 21). At some time later, Simmons filed a second charge of discrimination with the EEOC alleging that the Board retaliated against him for his protected activity by placing him on the Do Not Hire and Do Not Substitute module.

On August 8, 2023, approximately three months later, Simmons filed the pending motion for leave to amend his complaint (doc. 18). He sought leave to amend to add a retaliation claim under 42 U.S.C. § 1981 based on his placement on the Do Not Hire list and to add Board employees Hack and Hayes, in their individual capacity, as defendants. In the proposed amended complaint, Simmons alleges the Defendants retaliated against him for his protected activity by withdrawing an offer of employment (Count I) and retaliated against him for his protected activity by placing his name on the Do Not Hire list (Count III) (there is no Count II in the proposed amended complaint) (doc. 18-6).

The Board opposes the motion. The Board argues that the motion is untimely, and Simmons has not shown diligence or good cause, as required under Fed. R. Civ. P. 16(b), why he should be allowed to amend his complaint after the deadline for motions for leave to amend expired in March 2023. The Board argues that Simmons had this information regarding his placement on the Do Not Hire list in January 2023 when Hayes' email was disclosed and at least as early as April 24, 2023, when Hayes was deposed on the issue, but waited approximately three more months to file a motion for leave to amend. The Board also argues that allowing the amendment would render the lawsuit unlikely to be ready for trial in March 2024 (the final pretrial conference is set for March 7, 2024), since discovery would need to be extended to allow discovery for the proposed new defendants Hack and Hayes, and to allow discovery on the proposed new grounds for retaliation.

In reply, Simmons states that he became aware of Hack and Hayes individual retaliation after the deposition testimony. Simmons argues that Hayes' deposition testimony confirmed that she placed him on the Do Not Hire list in March 2022 and admitted that she and Hack "raised [Simmons'] purported falsification of his job application as additional grounds for rejecting his

4

candidacy only after receiving notice of [his] EEOC complaint" (doc. 23, p. 1-2). Simmons then states that he is "amendable to foregoing" his claims against Hack and Hayes individually and would proceed solely against the Board under a Title VII retaliation claim because he has received his Notice of Right to Sue letter on the retaliation claim (doc. 23-2). He also states that in the interest of judicial economy, he would amend his complaint to add a "claim under Title VII as he is to file a separate lawsuit against the Defendant for having placed him on a do-not-hire list in retaliation for [his] protected activity" (doc. 23, p. 2).

II. Analysis

The Court interprets Simmons reply to mean that he now wants to amend his complaint

1) to add a Title VII retaliation claim against the Board for withdrawing his application for the PE teaching position, now that he has received his Notice of Right to Sue letter;

2) to add a Title VII retaliation claim against the Board for placing him on the Do Not Hire list, now that he has received his Notice of Right to Sue letter; and

3) he will forego any claims against Hayes and Hack in their individual capacity under 42 U.S.C. § 1981.

Simmons also indicates that if an amendment to the complaint is not allowed, he will file a separate Title VII lawsuit against the Board.

Upon consideration, Simmons' motion (doc. 18) is **DENIED**. However, Simmons is **GRANTED** leave to file another motion for leave to amend to which he shall attach a proposed First Amended Complaint which conforms with his reply, on or before **Friday, September 29, 2023**. The Board shall file any **response** to the motion on or before **Friday, October 6, 2023**.

DONE and ORDERED this the 22nd day of September 2023.

                                            s/ Kristi K. DuBose
                                            KRISTI K. DuBOSE
                                            UNITED STATES DISTRICT JUDGE