IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **HENRY SIMMONS, JR.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 22-00386-KD-N |
| ) | |
| **MOBILE COUNTY BOARD OF SCHOOL** ) | |
| **COMMISSIONERS,** ) | |
| ) | |
| Defendant. ) | |

## ORDER

This action is before the Court on Plaintiff Henry Simmons, Jr.'s Renewed Motion for Leave to File an Amended Complaint Adding Claims Under Title VII (doc. 28), Defendant Mobile County Board of School Commissioners' response (doc. 29).[1]

I. Background[2]

Simmons filed his Complaint against the Board on September 28, 2022 (doc. 1). In Count I, he alleged a violation of the Equal Protection Clause of the Fourteenth Amendment on grounds that the Board retaliated against him for "his previous protected activity against race discrimination in employment", i.e., his prior lawsuit, by not hiring him for a PE teaching position (Id., p. 5). In Count II, he alleged that this same retaliatory conduct "violated the anti-

---

[1] Simmons filed a Motion to Withdraw Counts II and IV of his Proposed Amended Complaint "alleging retaliation due to Plaintiff's inclusion on a do not hire list" (doc. 30). Simmons had confirmed with the Equal Employment Opportunity Commission that the Notice of Rights letter issued August 29, 2023, did not include his EEOC charge based on this conduct. Simmons then received the anticipated Notice of Rights letter. He has now filed a Motion to Vacate the Motion to Withdraw (doc. 31). Accordingly, the Motion to Vacate (doc. 31) is GRANTED and the Motion to Withdrawn (doc. 30) is stricken.

[2] A detailed factual background may be found in the Order entered September 22, 2023 (doc. 25).

discrimination provisions of 42 USC Section 1981, as amended" made actionable through 42 U.S.C. § 1983.

Simmons also alleged that he planned to amend to add claims under Title VII, after he received his Notice of Rights letter from the Equal Opportunity Employment Commission. Simmons filed a charge with the EEOC in January 2022, on grounds that his rights had been violated by the rescission of the job offer.

On January 12, 2023, the Court entered a Rule 16(b) Scheduling Order. The Order set March 31, 2023, as the deadline for motions for leave to amend the pleadings (doc. 12). Neither party moved to extend the deadline before it expired.

Simmons first moved for leave to amend on August 8, 2023 (doc. 18). He sought leave to add two defendants and new claims alleging that the Board had violated 42 U.S.C. §§ 1981 and 1983 by placing him on a do-not-hire list in retaliation for filing the January 2022 EEOC charge. Simmons filed a second charge with the EEOC based on this conduct in July 2023 (doc. 30). He stated that he was waiting on the Notice of Rights letters on both charges and upon receipt, would move to amend to add claims under Title VII.

The Board objected (doc. 21). In reply, Simmons indicated he would file a modified proposed First Amended Complaint (doc. 23). The Court denied the motion with leave to refile (doc. 25). Simmons then filed the pending Renewed Motion and modified proposed First Amended Complaint.

Simmons' proposed First Amended Complaint does not include a claim under the Equal Protection Clause of the Fourteenth Amendment and does not add any defendants. The FAC includes four counts. Count I is brought pursuant to 42 U.S.C. §§ 1981 and 1983. He claims that the Board retaliated against him because of "his protected activity of filing a Title VII lawsuit

against his former employer" by rescinding the job offer. Count II is brought pursuant to 42 U.S.C. §§ 1981 and 1983. He claims that the Board retaliated against him because of his "filing of an EEOC charge of discrimination" based on the Board's rescission, by placing him on a "do-not-hire" list. Count III is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended. He claims that the Board violated Title VII by rescinding the job offer in retaliation for "his protected activity of pursuing a Title VII lawsuit against his former employer". Count IV is brought pursuant to Title VII. He claims that the Board violated Title VII by placing him on a "do-not-hire" list in retaliation for his "protected activity of filing an EEOC complaint" based on the Board's rescission of the job offer.

II. Analysis

In Insight Sec., Inc. v. Deutsche Bank Tr. Co. Americas, No. 21-12817, 2022 WL 2313980 (11th Cir. June 28, 2022), the Court of Appeals for the Eleventh Circuit explained the process for allowing an amendment after the deadline has expired, as follows:

> Federal Rule of Civil Procedure 16(b)(1) requires that a district court judge 'must issue a scheduling order' in cases before it, with limited exceptions not applicable here. A district court's "scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions.' Fed. R. Civ. P. 16(b)(3)(A). Once a district court issues its scheduling order, the order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Where a party seeks a modification of the scheduling order or seeks leave to amend the complaint after the deadline in the scheduling order has passed, it must satisfy Rule 16's good cause requirement, rather than the more lenient "when justice so requires" standard under Federal Rule of Civil Procedure 15. [See Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418-19 (11th Cir. 1998)].
>
> The "good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" Id. (quoting Fed. R. Civ. P. 16 advisory committee's note). This Court has considered the diligence of the party seeking leave to amend as a factor in the good cause analysis. See, e.g., Romero v. Drummond Co., 552 F.3d 1303, 1319 (11th Cir. 2008); Sosa, 133 F.3d at 1419. Determining a party's diligence is a fact intensive analysis, ...

3

Insight Sec., Inc., 2022 WL 2313980, at *6. As to the factual analysis, the Court should consider the procedural posture of the action and whether the information was available to the movant before the deadline. Id.

In both motions for leave to amend, Simmons argued that he met the "good cause" standard in Rule 16(b)(4), which states that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Simmons argues that he "was not told of defendants' retaliatory action of placing him on the 'do-not-hire' list, and [he] only became aware of this adverse action during the course of discovery[.]" (doc. 28, p. 3). Simmons also stated that he moved for leave to amend before the close of discovery (Id.).[3]

The Board opposes the Renewed Motion in part. The Board does not oppose amending the complaint to add claims based on the rescission of the job offer. However, the Board opposes amending the complaint to add claims based on placement on the do-not-hire list (doc. 29). As to the latter, the Board argues that Simmons has not met the good cause standard in Rule 16(b)(4). Specifically, the Board states that Simmons received information regarding his placement on the do-not-hire list in January 2023 as part of the Board's initial disclosures.[4] The Board also states that Simmons deposed a Board employee and questioned her about this conduct on April 24, 2023. The Board argues that Simmons waited until August 8, 2023, to move for leave to amend to add claims based on this evidence. The Board also points out that it deposed Simmons on August 1, 2023, and thus, did not question him on this issue or conduct any discovery.

---

[3] Simmons filed his first motion for leave to amend raising claims based on the "do-not-hire" list, on August 8, 2023. Discovery closed on August 31, 2023.

[4] The Board explained that an internal Board memo/email placing Simmons on the do-not-hire list was included in the initial disclosures (doc. 21).

With respect to Simmons' proposed claims based on placement on the do-not-hire list, evidence was available to Simmons as early as January 31, 2023, when the emails were received as part of the initial disclosures. Also, in April 24, 2023, Simmons deposed the Board employees on the issue. Since Simmons did move for leave to amend until August 8, 2023, three months later and within three weeks of the close of discovery, he fails to show diligence sufficient to establish good cause to allow an untimely amendment to the Scheduling Order.

With respect to Simmons' proposed claims based on the rescission of the job offer, the Board does not object to allowing these new claims. Simmons placed the Board on notice of the potential Title VII claims when he filed his original complaint, and the Board has obtained discovery of the evidence underlying the rescission of the job offer.

Upon consideration, and for the reasons set forth herein, Simmons' motion (doc. 28) is **DENIED** in part and **GRANTED** in part. Simmons is granted leave to file a First Amended Complaint which does not contain any claims based upon his placement on the do-not-hire list. Simmons shall file his **First Amended Complaint** on or before **October 27, 2023**, and the Board shall file its **answer or otherwise respond** on or before **November 3, 2023.**

DONE and ORDERED this the 20th day of October 2023.

                                                  s/ Kristi K. DuBose
                                                  KRISTI K. DuBOSE
                                                  UNITED STATES DISTRICT JUDGE